[Cite as *In re Murphy*, 2011-Ohio-7085.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: GLENDA L. MURPHY

CHRISTOPHER M. CORBIN

SILVER R. CORBIN

       Applicants

Case No. V2010-50167

Judge Joseph T. Clark

DECISION

{¶1} This matter came on to be considered upon the Attorney General's appeal from the May 6, 2011 order issued by the panel of commissioners. The panel's determination reversed the final decision of the Attorney General, which denied applicant's claim for an award of reparations pursuant to R.C. 2743.60(E)(1)(e) based upon the finding that the decedent, Glenda L. Murphy, had tested positive for cocaine at the time of her death.

{¶2} R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The Attorney General has the burden with respect to proof of the felony exclusion contained in R.C. 2743.60(E)(1)(e) [exclusionary criteria R.C. 2743.60]. *In re Williams*, V77-0739jud (3-26-79); and *In re Brown*, V78-3638jud (12-13-79). The panel found, upon review of the evidence, that the Attorney General failed to present sufficient evidence to meet his burden.

{¶3} The standard for reviewing claims that are appealed to the court is established by R.C. 2743.61(C), which provides in pertinent part: "If upon hearing and

consideration of the record and evidence, the judge decides that the decision of the panel of commissioners is unreasonable or unlawful, the judge shall reverse and vacate the decision or modify it and enter judgment on the claim. The decision of the judge of the court of claims is final."

{¶4} In its decision, the panel of commissioners noted that the only issue on appeal is whether the decedent engaged in a violation of R.C. 2925.11 at the time of her death which would disqualify applicants' claims for an award of reparations pursuant to R.C. 2743.60(E)(1)(e).

{¶5} R.C. 2743.60(E)(1)(e) provides, in pertinent part:

{¶6} "(E) (1) Except as otherwise provided in division (E)(2) of this section, the attorney general, a panel of commissioners, or a judge of the court of claims shall not make an award to a claimant if any of the following applies:

{¶7} "* * *

{¶8} "(e) It is proved by a preponderance of the evidence that the victim at the time of the criminally injurious conduct that gave rise to the claim *engaged in conduct that was a felony violation of section 2925.11 of the Revised Code* or engaged in any substantially similar conduct that would constitute a felony under the laws of this state, another state, or the United States." (Emphasis added.)

{¶9} R.C. 2925.11 provides, in pertinent part, the following:

{¶10} "(A) *No person shall knowingly obtain, possess, or use a controlled substance.*

{¶11} "* * *

{¶12} "(C) Whoever violates division (A) of this section is guilty of one of the following:

{¶13} "(1) If the drug involved in the violation is a compound, mixture, preparation, or *substance included in schedule I or II*, with the exception of marihuana, *cocaine*, L.S.D., heroin, and hashish, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:

{¶14} "(a) Except as otherwise provided in division (C)(1)(b), (c), (d), or (e) of this section, aggravated possession of drugs is a felony of the fifth degree." (Emphasis added.)

{¶15} R.C. 2925.01 provides, in part:

{¶16} "(X) 'Cocaine' means any of the following:

{¶17} "(1) A cocaine salt, isomer, *or derivative*, a salt of a cocaine isomer or derivative, or the base form of cocaine;

{¶18} "(2) Coca leaves or a salt, compound, derivative, or preparation of coca leaves, including ecgonine, a salt, isomer, or derivative of ecgonine, or a salt of an isomer or derivative of ecgonine."

{¶19} R.C. 3719.41 provides a list of Schedule II substances and provides, in pertinent part, as follows:

{¶20} "(A) Narcotics-opium and opium derivatives

{¶21} "Unless specifically excepted under federal drug abuse control laws or unless listed in another schedule, any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

{¶22} "* * *

{¶23} "(4) Coca leaves and any salt, compound, derivative, or preparation of coca leaves (*including cocaine and ecgonine, their salts, isomers, and derivatives*, and salts of those isomers and derivatives), and any salt, compound, derivative, or preparation thereof that is chemically equivalent to or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgonine."

{¶24} The panel of commissioners heard testimony from both Calvin McGuire, Chief Toxicologist of the Franklin County Coroner's Office, and Dr. John Wyman, Chief Toxicologist at the Cuyahoga County Regional Forensic Laboratory. McGuire testified that the decedent tested positive for methylecgonine and bensoylecgonine (cocaine metabolites) and levamisole, a cutting agent for cocaine. According to McGuire, the presence of cocaine metabolites in the body could only be achieved by the ingestion or injection of cocaine. Dr. Wyman testified that tests which detected cocaine metabolites in the decedent's body confirm her exposure to cocaine.

{¶25} At the judicial hearing, applicants argued that Dr. Wyman testified that the toxicology report showed that the decedent had not used cocaine within six hours of the criminally injurious conduct and that pursuant to *In re Green*, V2003-40836jud (5-13-04), a "trace" amount of drugs is insufficient to satisfy the Attorney General's burden of proving by a preponderance of the evidence that the decedent engaged in a violation of R.C. 2925.11 at the time of her death. The court disagrees.

{¶26} As the panel noted in its decision, *In re Green* "was rendered when the disqualification pursuant to R.C. 2925.11 was listed under the contributory misconduct section of the statute, R.C. 2743.60(F). Consequently, under former R.C. 2743.60(E) there had to be possession of a felony drug pursuant to R.C. 2925.11 plus a causal connection between the possession of the felony drug and the resulting injury." Inasmuch as the court's determination in *In re Green* was based upon former R.C. 2743.60(F), applicants' reliance on *In re Green* is misplaced.

{¶27} In this case, both of the toxicology experts concluded that the decedent tested positive for cocaine metabolites. Applicants contend that a positive test for cocaine metabolites alone is insufficient evidence to establish that the decedent

was engaged in felony drug use or possession at the time of her death. However, Ohio courts have consistently held that a positive test for cocaine metabolites constitutes sufficient evidence for a conviction under R.C. 2925.11. *State v. Shrimplin* (March 25, 1991), Knox App. No. 90-CA-32; *State v. McGowan* (August 12, 1993), Cuyahoga App. No. 63491; *State v. Scott* (May 5, 1994), Cuyahoga App. No. No. 63234. "Whether that cocaine was in appellant's pocket or in [her] urine was of no effect." *State v. Shrimplin,* supra*.* Furthermore, the court has previously held "the positive evaluation on the toxicology report for the presence of cocaine proves by a preponderance of the evidence that the applicant has committed a felonious act." *In re Dawson* (1993), 63 Ohio Misc. 2d 79.

{¶28} Upon review of the file September 29, 2011in this matter, the court finds that the Attorney General presented sufficient evidence to prove by a preponderance of the evidence that the decedent engaged in a violation of R.C. 2925.11 at the time of the criminally injurious conduct. Although the court sympathizes with applicants for the loss of their mother, it is duty bound to follow the law.

{¶29} Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unlawful. Therefore, this court reverses the decision of the three-commissioner panel, and hereby denies applicants' claim.

{¶30} Upon review of the evidence, the court finds the order of the panel of commissioners must be reversed.

{¶31} ORDER

{¶32} IT IS HEREBY ORDERED THAT:

{¶33} The order of May 6, 2011, (Jr. Vol. 2278, Pages 102-103) is reversed;

{¶34} This claim is DENIED and judgment entered for the State of Ohio;

{¶35} Costs assumed by the reparations fund.

_____

JOSEPH T. CLARK
Judge

AMR/dms

A copy of the foregoing was personally served upon the Attorney General
and sent by regular mail to Franklin County Prosecuting Attorney and to:

Filed 9-29-11
Jr. Vol. 2280, Pg. 191
Sent to S.C. Reporter 7-19-13